# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2551

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Minnesota. |
| Miguel Angel Vargas, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  June 20, 2005
Filed:  August 30, 2005

_____

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Miguel Angel Vargas pled guilty, pursuant to a plea agreement, to conspiring to distribute, and possessing with intent to distribute, methamphetamine. In exchange for the guilty plea, the government agreed to dismiss an additional count against Vargas. In the plea agreement, the parties stipulated to a base offense level of 28. By the express terms of the plea agreement, Vargas agreed to be sentenced according to the federal Sentencing Guidelines. The plea agreement also provided that the parties'

stipulations were not binding upon the district court[1] and that the district court was free to make its own determinations as to which factors would affect Vargas's sentence.

On June 3, 2004, the district court found a base offense level of 32 which was the base offense level suggested in the presentence report. The higher offense level was premised on the presentence report's allegation that Vargas was in possession of 104.67 grams of actual methamphetamine, rather than the 219.14 grams of a mixed substance containing methamphetamine stipulated by the parties. Vargas did not object to the base offense level finding and declined to withdraw his guilty plea. In adopting the recommendations of the presentence report, the district court found that Vargas was subject to a Sentencing Guideline range of 70 to 87 months imprisonment. The district court sentenced Vargas to a bottom-of-the-range sentence of 70 months.

Vargas now appeals his sentence based upon the Supreme Court's opinions in Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). Because Vargas raises this issue for the first time on appeal, we review for plain error. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005). Under Pirani, a defendant must show error that is plain and that affected his or her substantial rights. Id. at 550. To make the showing of substantial rights infringement, a defendant must show a reasonable probability that the district court would have granted a lesser sentence had the district court not treated the Sentencing Guidelines as mandatory. Id. at 552.

Vargas argues that his sentence was in violation of the Sixth Amendment under Booker because a jury did not find beyond a reasonable doubt the amount of actual

---

[1]The Honorable James M. Rosenbaum, Chief United States District Judge for the District of Minnesota.

-2-

methamphetamine that resulted in a higher sentence. This is sufficient to constitute error under Pirani.

However, there is no prejudice in the present matter. Here, the district court imposed a bottom-of-the-range sentence. There is nothing else in the record to indicate that the district court would have granted a lesser sentence had it treated the Sentencing Guidelines as advisory. Under Pirani, a bottom-of-the-range sentence alone is insufficient to make the required showing of prejudice. Id. at 553. As a result, Pirani forecloses relief on the facts of this case.

Accordingly, we affirm the judgment of the district court.

HEANEY, Circuit Judge, concurring.

I adhere to the view stated by Judge Bye in Pirani, that defendants who did not properly preserve their Booker claims in the district court are nonetheless generally entitled to resentencing under a constitutional regime. See United States v. Pirani, 406 F.3d 543, 562-67 (8th Cir. 2005) (en banc) (Bye, J., dissenting). Because a majority of our court has held to the contrary, however, I concur.

_____